FILED

2014 Jul-01  AM 08:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. _____ |
| SHADESCREST HEALTHCARE CENTER | ) ) ) | |
| | ) | COMPLAINT |
| Defendants. | ) ) | JURY TRIAL DEMANDED |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Tracy Martin who was adversely affected by such practices.  The Equal Employment Opportunity Commission ("Commission") alleges that Shadescrest Health Care Center ("Defendant") discriminated against Tracy Martin ("Martin") by refusing to reasonably accommodate her sincerely held religious beliefs and discharging her because of her religion, Muslim, and in retaliation for engaging in protected activity under Title VII of the Civil Rights Act of 1964, as amended. The claim is alleged with more particularity in paragraphs seven (7) through fifteen (15)  below.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Jasper Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant was an Alabama corporation continuously doing business in the State of Alabama and the City of Jasper, the location of its primary place of business.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e-(b), (g) and (h), and continuously had at least fifteen (15) employees.

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Tracy Martin filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## COUNT I
**[Title VII Religious Discrimination: Failure to Accommodate and Discharge]**

7.  From on or about August 1, 2012 until October 23, 2012, Defendant engaged in unlawful employment practices at it Jasper, Alabama facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) and Section 704 of Title VII, 42 U.S.C. §2000e-3(a).

8.  Despite a reasonable and prompt request, Defendant failed to reasonably accommodate Martin's request to wear a hijab, in accord with her sincerely held religious beliefs, while working.

9.  Martin reported for work as a Certified Nursing Assistant on or about August 9, 2012 wearing a hijab and was sent home that same day.  Martin requested, but was denied a reasonable religious accommodation and forced to remove her hijab while at work to remain employed by Defendant.  No inquiry was made regarding the requested accommodation and no consideration was given to providing the accommodation. The burden, if any, of providing the requested accommodation would have been minimal or less.

10.  Defendant subsequently discharged Martin on or about October 23, 2012 allegedly for a violation of its attendance policy.  Defendant actually discharged Martin either because of her religion, Muslim, or because she requested a religious accommodation or in retaliation for pursuing right under Title VII.

## COUNT II
### [Title VII Retaliation]

11.  Beginning in or around August 2012, Martin participated in activity protected by Title VII.  On or around August 9, 2012, Martin requested a reasonable religious accommodation from Defendant's management official(s), including but not limited to Defendant's Director of Nursing and Defendant's Licensed Practical Nurse (LPN) Supervisor.

12.  On or around August 23, 2012, Defendant's Director of Nursing received notice that Martin was exploring her legal options against Defendant because of its failure to provide Martin with a reasonable religious accommodation.

13.  On or about September 21, 2012, Martin filed a Charge of Discrimination with the Commission alleging Defendant discriminated against her by failing to provide her with a reasonable religious accommodation.  Defendant received notice of Martin's Charge of Discrimination on or about September 24, 2012.

14.  Because of Martin's Title VII protected conduct, Defendant retaliated against Martin by discharging her from employment.

15.  A causal connection exists between Martin's participation and opposition activity and the materially adverse actions to which Defendant subjected her.

16.  The effect of the practices complained of in paragraphs seven (7) through fifteen (15) above have been to deprive Martin of equal employment opportunities and otherwise adversely affect her status as an employee because she participated in conduct protected by Title VII.

17.  The unlawful employment practices complained of in paragraphs seven (7) through fifteen (15)   above were intentional.

18.  The unlawful employment practices complained of in paragraph seven (7) through fifteen (15) above were done with malice or with reckless indifference to Martin's federally protected rights.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Commission respectfully requests that his Court:

4

A.  Grant a permanent injunction enjoining the Defendants, its officers, successors, assigns and all persons in active concert or participation with it from engaging in any employment practices which discriminate on the basis of religion.

B.  Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant   to make whole Tracy Martin, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Tracy Martin to her former position.

D.  Order Defendants to make whole Tracy Martin by providing compensation for past and future pecuniary losses, in amounts to be determined at trial.

E.  Order Defendants to make whole Tracy Martin by providing compensation for non-pecuniary losses, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendants to pay punitive damages to Tracy Martin in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper.

H.  Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial.

                                 **Respectfully submitted,**

                                 P. DAVID LOPEZ
                                 General Counsel

                                 JAMES LEE
                                 Deputy General Counsel

                                 GWENDOLYN YOUNG REAMS
                                 Associate General Counsel
                                 EQUAL EMPLOYMENT OPPORTUNITY
                                 COMMISSION
                                 1801 "L" Street, N.W.
                                 Washington, D.C.  20507

                                 **/s/ C. Emanuel Smith**_____
                                 C. EMANUEL SMITH (MS # 7473)
                                 Regional Attorney

                                 /s/ Julie Bean_____
                                 JULIE BEAN (DC #433292)
                                 Supervisory Trial Attorney

                                 /s/ Maneesh Varma_____
                                 MANEESH VARMA (DC # 988521)
                                 Trial Attorney

                                 EQUAL EMPLOYMENT
                                 OPPORTUNITY COMMISSION
                                 Birmingham District Office
                                 1130 22nd Street South, Suite 2000
                                 Birmingham, AL  35205-2886
                                 Telephone:  (205) 212-2062